Battle, J.
 

 There is no doubt of the plaintiff’s right to retain his verdict and judgment. The only difficulty is, as to the true ground upon which that right should be placed. The case of Eppes v. McElmore, 3 Dev. Rep. 345 is a strong authority in favor of the Judge’s charge as to the sale and delivery of the slave from Gard Thompson to the plaintiff, independently'
 
 *343
 
 of the bill of sale. But that case is supposed to be weakened by the decision of the Court on the subsequent one, of Adams v. Hays, 2d Ired. Rep., 361, in which it was held, that to a parol gift of slaves, an actual delivery was necessary, and that the circumstance that the slaves were in the possession of the donee was not sufficient, if they were not present at the time of gift.
 

 The unattested bill of sale would have been undoubtedly good between the parties prior to the revision of the statutes in 1836. Cutler v. Speller, 2 Hay. Rep. 61. Whether that had not been altered by the ommission of the preamble in the Eevised Statutes, (1 Eev. Stat. ch. 37, Sec. 19) has been made a question in State v. Fuller, 5 Ired. Rep. 26, and Benton v. Saunders, Bus. Rep. 360.
 

 But however these questions may be settled, whenever it shall become necessary to decide them, it is clear that the plaintiff, as the bailee of Hard Thompson, had a right to recover in this action, his possession of the slave from the defendant. 1 Boll's Abr. Title Detinue C., page 636; 1 Chit. Plead. 139 ; 4 Bing. Eep. Ill; 1 Saund., P. and E. 485. The defendant’s intestate claimed as a purchaser under an execution against Tilghman Gardner, who, it is evident, never had any title to the slave in question, and the intestate who purchased his interest, and stands in his place, is therefore to be regarded as a mere wrongdoer. The only pretence of title which the debtor could set up was derived from the conveyance to his wife’s trustee, and that the defendant contends, passed nothing. The plaintiff then, as bailee, has no obstacle in his way to prevent a recovery.
 

 The judgment is affirmed.